UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KIMBERLY D. CROSSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | No. 1:21-cv-00049-LEW |
| | ) | |
| JEFFREY KEATEN, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DISMISSAL OF CASE

On March 26, 2021, I directed that, no later than April 15, 2021, *pro se* plaintiff Kimberly D. Crosson either file a new *in forma pauperis* (IFP) application or pay this court's $402 filing fee, failing which she risked the dismissal of her complaint. *See* Order Denying Leave to Proceed *in Forma Pauperis* ("Order") (ECF No. 6) at 1, 3. She did not do so by that deadline; nor has she done so since the deadline elapsed. Accordingly, I recommend that the court dismiss her complaint without prejudice for lack of prosecution.

### I. Background

The plaintiff filed the instant suit on February 8, 2021, alleging that defendant Jeffrey Keaten lied during a child support proceeding, defamed her, and violated her constitutional and civil rights. *See* [Complaint] ("Complaint") (ECF No. 1); Civil Cover Sheet (ECF No. 2). At that time, she also filed a motion to proceed IFP. *See* Application for Leave to Proceed *in Forma Pauperis* (ECF No. 5). By order dated March 26, 2021, I denied the IFP application on the showing made, noting that the plaintiff had submitted only the first page of her affidavit in support of the application and had failed to answer several questions even on that page. *See* Order at 2. I directed

that the Clerk's Office promptly provide the plaintiff with a copy of this court's Application to Proceed in District Court without Prepaying or Costs (Short Form) ("Short Form") and that, no later than April 15, 2021, the plaintiff either file the Short Form – <u>fully completed with all questions answered</u> – or pay this court's $402 filing fee, failing which she risked the dismissal of her complaint. *See id.* at 3.

A private entry on the CM/ECF docket reflects that, on March 29, 2021, the Clerk's Office mailed a copy of the Order to the plaintiff at the address she had provided, and the Clerk's Office's internal log reflects that the Short Form was also mailed to her on that date. The plaintiff neither filed a new IFP application nor paid the filing fee by April 15, 2021; nor has she done so since the deadline elapsed.

## II. Discussion

"A district court's inherent powers to sanction parties for litigation abuses include the power to act *sua sponte* to dismiss a suit for failure to prosecute." *Diaz-Santos v. Dep't of Educ. of Commonwealth of P.R.*, 108 Fed. Appx. 638, 640 (1st Cir. 2004). In addition, Federal Rule of Civil Procedure 41(b) provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although Rule 41(b) refers only to dismissal on a motion made by a defendant, district courts may also *sua sponte* dismiss a complaint under Rule 41(b) for failure to comply with a court order." *Unitronics (1989) (R"G) Ltd. v. Gharb*, 85 F. Supp.3d 118, 126 (D.D.C. 2015).

The plaintiff's failure either to file a new IFP application or pay this court's $402 filing fee by the deadline of April 15, 2021, as directed by order of the court, warrants the dismissal of her action. *See, e.g., United States v. Edmunds*, Case No. 15-cv-2705 (JRT/TNL), 2016 WL 7670605, at *5 (D. Minn. Dec. 6, 2016) (rec. dec., *aff'd* Jan. 10, 2017) ("[W]hile pro se litigants are accorded

a certain degree of latitude, Defendant's pro se status does not excuse him from complying with this Court's orders as well as the Federal Rules of Civil Procedure and the Court's Local Rules.").

Although dismissal is appropriate, a separate issue remains as to whether the dismissal should be with prejudice. Unless the court directs otherwise, a dismissal for failure to prosecute "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *See, e.g.*, *Vázquez-Rijos v. Anhang*, 654 F.3d 122, 127-28 (1st Cir. 2011). For example, "[d]ismissal with prejudice for failure to prosecute is appropriate in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." *Pomales v. Celulares Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (citations and internal quotation marks omitted). "[W]here the case is close, courts should prefer less severe sanctions that preserve the possibility of disposition on the merits." *Id*.

A dismissal with prejudice is inappropriate here: the *pro se* plaintiff failed to obey one court order directing her either to file a new IFP application or pay this court's filing fee. Accordingly, I recommend that the case be **DISMISSED** without prejudice.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 4th day of May, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge